UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| LARRY DAVIS,<br><br>                Plaintiff,<br><br>    v.<br><br>MARTHA KARR et al.<br><br>                Defendants. | CASE NO. C11-5998-RBL-JRC<br><br>REPORT AND RECOMMENDATION<br><br>NOTED FOR: APRIL 27, 2012 |

This 42 U.S.C. §1983 civil rights matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §§ 636 (b)(1)(A) and (B) and Local Magistrate Judge Rules MJR 1, MJR 3, and MJR 4. Defendants have filed a motion to dismiss this action for failure to exhaust administrative remedies (ECF No. 10). In the proposed order, defendants ask for dismissal with prejudice. Plaintiff has not responded. The Court recommends that the motion be granted and that the action dismissed, but that the dismissal be without prejudice.

Plaintiff complains about the conditions and sanitation at the Pierce County Jail (ECF No. 4). The Prison Litigation Reform Act ("PLRA") requires plaintiff to exhaust whatever

administrative remedies are available to him prior to filing a complaint in federal court. The relevant portion of the act states:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a).

Here, plaintiff filed this action while incarcerated and the act applies to him. See 42 U.S.C. §1997 e (h). The statute defines "prisoner" to include any person confined in a facility for a violation of criminal laws, including persons accused of or convicted of crimes.

Having determined that the act applies to plaintiff, it is clear that he did not exhaust his available remedies. Defendants show that plaintiff has never filed a grievance (ECF No. 11, Declaration of Pam Lacipierre). The action should be dismissed without prejudice so plaintiff may exhaust his claims. Until the claims are exhausted, they may not be maintained in federal court.

In the Ninth Circuit, failure to exhaust administrative remedies has historically resulted in dismissal without prejudice. Wyatt v. Terhune, 315 F.3d 1108 (9th Cir. 2003). It is an affirmative defense, not a pleading requirement. Wyatt, 315 F.3d at 1117. It is not a decision on the merits and should be treated as a matter in abatement. Wyatt, 315 F.3d at 1119. Matters in abatement do not normally reach the merits. Accordingly the Court recommends that this action be DISMISSED WITHOUT PREJUDICE.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections. See also Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of de novo review by the district judge. See 28 U.S.C. § 636(b)(1)(C). Accommodating the time limit

imposed by Fed. R. Civ. P. 72(b), the clerk is directed to set the matter for consideration on April 27, 2012, as noted in the caption.

Dated this 4th day of April, 2012.

J. Richard Creatura
United States Magistrate Judge

REPORT AND RECOMMENDATION - 3